The Court *458 were of opinion that if the plaintiffs would prove to the Jury that such original bill had been drawn by Edward Gaither, and lost after protest thereof, and that the same had not been paid by the said Gaither thereafter, that such evidence was legal and sufficient evidence to maintain the issue on their part, without producing the original bill, or any other protest of the first, second or third bills of exchange alleged to have been drawn by the plaintiffs of the same tenor and date.
(Johnson, Ch. J. and Goldsborough, J.)
*458 The defendant’s counsel excepted to this opinion of the Court.
2. By the second bill of exceptions it appears the plaintiffs produced a letter from James White to Thomas Usher, dated London, 11th of April, 1778, communicating duplicates of sundry letters; in one of which, of the 25th March, 1777, he says, “ The 11th of June I returned you a bill of 200/. with protest on West Hobson, sent me by Penington £s? Biggs, of Bristol, per order of your bx-other Mr. A. Usher;” andhaving proved that James White was dead, and that .the name of James White signed to the letter was the hand-writing of the said White, then offered to give the letter in evidence to the Jury. The defendant’s counsel objected to its being admitted as evidence.
The Court were of opinion that the letter was legal and competent evidence, and that the plaintiff might read it to the Jury.
(Johnson, Ch. J. and Goldsborough, J.)
The defendant’s counsel excepted to this opinion.
3. By the third exception it appears the plaintiffs having-proved that James White was dead, and having proved the name of James White, signed to the letter mentioned in the preceding exception, to be the hand-writing of James White, then, under the direction of the Court, offered the letter in evidence to the Jury; after which the defendant prayed the Court to direct the Jury that the said letter, or any thing contained therein, was not legal evidence for the purpose of proving payment to have been made by the *459 testator of the plaintiffs to Penington Biggs, to whom the said bill was endorsed,
M*-Mechen, for plaintiffs.
S. Chase, for defendant.
The Court were of opinion that the letter was legal evidence from whence (there being no proof offered of the drawer’s having paid the said bill, or any interest being claimed therein by Penington & Biggs) the Jury might conclude that the plaintiffs’ testator had made the said payment, if the same evidence satisfied them of the truth thereof.
(Johnson, Ch. J. and Goldsbokough, J.)
The defendant’s counsel excepted to this opinion.
The defendant appealed to the Court of Appeals, and at November term, 1790, the appellant’s attorney dismissed the appeal.